IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| **DIVLEND EQUIPMENT LEASING, L.L.C.,** | § § § | |
| **Plaintiff,** | § § | |
| V. | § § | Civil Action No. 5-11-CV-073-C |
| **GEORGE ALCORN, et al,** | § § § | |
| **Defendants.** | § | |

### UNOPPOSED MOTION TO ABATE PROCEEDINGS AND FOR ADMINISTRATIVE CLOSURE

PLAINTIFF DIVLEND EQUIPMENT LEASING, LLC, ("Plaintiff"), files this Unopposed Motion to Abate Proceedings and for Administrative Closure.

### FACTUAL BACKGROUND

Plaintiff leased certain medical and hospital equipment to Kentuckiana Medical Center, LLC, an Indiana limited liability company ("Kentuckiana" or the "Debtor"), pursuant to that certain Equipment Lease Agreement on April 7, 2009 (the "Lease").

On September 19, 2010 Kentuckiana filed a petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* in the United States Bankruptcy Court, South District of Indiana, New Albany Division, in case number 10-93039-BHL-11, styled *In Re: Kentuckiana Medical Center, LLC, Debtor* (the "Bankruptcy Proceeding"). As of the date of this filing, Kentuckiana continues to manage its property and operate its business as a debtor in possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

On March 29, 2011, Kentuckiana filed a Motion for Approval of Debtor's Assumption of an Unexpired Lease of Personal Property in the Bankruptcy Proceeding, seeking an order of the Bankruptcy Court approving its assumption of the Lease with Plaintiff.  A copy of that Motion is attached hereto as Exhibit "A".

On April 25, 2011, Kentuckiana and Plaintiff submitted an Agreed Entry Regarding Debtor's Motion for Approval of Debtor's Assumption of An Unexpired Lease of Personal Property with DivLend Equipment Leasing, LLC pursuant to 11 U.S.C. § 365 (the "Agreed Entry").  The Agreed Entry provides, in relevant part, as follows:

"The parties agree that the Lease is hereby ASSUMED on the following terms and conditions:

A.  The amount of the cure is **$744,947.54**.

B.  The Security Deposit as described in the Lease in the amount of **$707,039.46**, is applied to the cure so that no security deposit remains, and there remains a deficiency of **$37,908.08**, which deficiency shall be cured as provided below.

C.  As adequate assurance of future performance, the Debtor agrees to replenish the security deposit deficiency of **$37,908.08** (which amount shall be applied to the remaining cure amount that is due and owing), plus an additional two regular monthly payments (with tax) of **$92,387.26 each**, for a total security deposit of **$184,774.52**, by wire transfer in good and immediately available funds on or before close of business on July 21, 2011 (total payment to be **$222,682.60**).

D.  Debtor will pay the April 15, 2011 payment of **$86,343.23**, plus **$6,044.03** in taxes (for a total payment of **$92,387.26**) by wire transfer in good and immediately available funds on or before close of business on **Monday, April 25, 2011.**

E.  The Debtor will continue making regular monthly payments pursuant to the terms of the Lease in the amount of **$86,343.23**, plus **$6,044.03** in taxes (for a total payment of **$92,387.26**) (plus any applicable late fees), starting on May 25, 2011, and continuing on the 25th day of every month thereafter pursuant to the terms of the Lease (and if the 25th day of the month falls on a weekend, the Monday following the 25th day of the month).

    F. If the Debtor fails to make a monthly payment due under the Lease and such failure shall continue for a period of 15 days following written notice from DivLend, then in such event the Debtor will be in default on the Lease, and the automatic stay is hereby automatically lifted and annulled upon such occurrence, and DivLend is authorized to exercise any and all remedies afforded it pursuant to the terms of the Lease, including but not limited to obtaining immediate possession of its Equipment without further action or approval from the Bankruptcy Court.

    G. If the payment called for in Paragraph D above, and/or the security deposit called for in Paragraph C above are not timely made (with no extensions, or opportunities to cure) then in such event the Debtor will be in default on the Lease, and the automatic stay is hereby automatically lifted and annulled upon such occurrence, and DivLend is authorized to exercise any and all remedies afforded it pursuant to the terms of the Lease, including but not limited to obtaining immediate possession of its Equipment without further action or approval from the Bankruptcy Court."

A copy of the Agreed Entry is attached hereto as Exhibit "B". Although not recited in the Agreed Entry, Plaintiff and Kentuckiana also agreed that so long as Kentuckiana is not in default of any of its obligations under the Agreed Entry, Plaintiff agrees to stay any action in the instant litigation against the guarantor Defendants.

The Agreed Entry was approved by the Bankruptcy Court on April 27, 2011. A copy of the Order Approving Agreed Entry is attached hereto as Exhibit "C".

## MOTION TO ABATE PROCEEDINGS
## AND FOR ADMINISTRATIVE CLOSURE

Based on Kentuckiana's agreement to cure the default of the Lease and to continue making regularly scheduled payments under the Lease pursuant to the terms of the Agreed Entry, Plaintiff wishes to abate the instant proceedings and have same closed administratively in order to preserve judicial resources. Based on Kentuckiana's representations in the Bankruptcy proceedings it is anticipated that unless Kentuckiana is able to quickly obtain additional post-petition financing Kentuckiana will be unable to

continue its operations and will be forced to convert its case to a Chapter 7 liquidation. In short, it is anticipated that some resolution in the Kentuckiana bankruptcy is close at hand---either as a result of Kentuckiana's success in obtaining post-petition financing or, Debtor's inability to obtain financing and subsequent default under Plaintiff's Lease. In either event, Plaintiff will advise the Court of same and request either that the Court reinstate the instant action, or dismiss the case entirely.  Abatement of the case will avoid the necessity of re-filing and re-serving parties, as well as avoiding questions or preserving jurisdiction and tolling any relevant limitations periods.

Plaintiff requests any and all other relief the Court finds appropriate and which may serve justice.

## PRAYER AND CONCLUSION

Plaintiff DivLend Equipment Leasing, LLC, respectfully pray that the Honorable Court ABATE and ADMINISTRATIVELY CLOSE the above-referenced lawsuit until the Kentuckiana Medical Center LLC Chapter 11 Bankruptcy proceeding has been resolved.

    Respectfully Submitted,

    MULLIN HOARD & BROWN, LLP
    P. O. Box 2585
    Lubbock, Texas 79408-2585
    Phone: (806) 765-7491
    Fax:    (806) 765-0553

    By:    /s/ Michael D. Hicks
         Michael Hicks, SBN: 00793950
         *Attorneys for Plaintiff*

**Certificate of Conference**

It is Plaintiff's understanding that each of the Defendants are represented by James L. Wharton. Though Defendants have not yet answered or otherwise made an appearance, I certify that a true and correct copy of this document was served upon James L. Wharton, counsel for all Defendants, on April 28, 2011, and that said counsel indicated he is not opposed to the relief requested.

                                              /s/ Michael D. Hicks  
                                              Michael Hicks

**Certificate of Service**

On this 3rd day of May, 2011, I hereby certify that a true copy of the above Unopposed Motion to Abate and for Administrative Closure has been (a) mailed electronically through the U.S. District Court's ECF system at the electronic addresses as set forth in the ECF system to the U.S. Trustee and all other persons receiving electronic notifications in this case, (b) mailed, first-class, postage prepaid, to those persons, if any, identified in the Court's Notice of Electronic Filing who do not receive electronic notice but are entitled to be served, and (c) mailed, first-class, postage prepaid to the following:

    James L. Wharton  
    JONES, FLYGARE, BROWN & WHARTON, P.C.  
    P.O. Box 2426  
    Lubbock, Texas 79408  
    *Attorney for Defendants*

                                              /s/ Michael D. Hicks  
                                              Michael Hicks